**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald P. Cavage, ) | No. MC-06-0119-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Lasaros Papanastassion, et al., ) | |
| Defendants. ) | |

The court has before it petitioner Ronald Cavage's petition to quash IRS summonses (doc. 1), respondent Aegis Mortgage Corporation's motion to dismiss (doc. 2), and respondent United States' motion to dismiss (doc. 3). Petitioner has not responded to either motion to dismiss, and the time to do so has long since passed.

During the course of an IRS investigation into petitioner's federal income tax liability for the years 2000 through 2004, the IRS issued three summonses to Aegis Mortgage Corporation, Bank of America, and JP Morgan Chase Bank, requiring them to produce for examination records pertaining to petitioner. Petitioner then filed a petition to quash the summonses.

Congress has empowered the IRS to issue third-party summonses for taxpayer records pursuant to 26 U.S.C. § 7609. The taxpayer may file a "proceeding to quash" the summons within twenty days from the date of notice of the summons. Id. at § 7609(b)(2)(A). The twenty-day filing requirement is "a condition precedent to the waiver of sovereign immunity," which "must be strictly

1 construed." Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985). "[A] district court does
2 not have jurisdiction under § 7609(h)(1) where the plaintiff has failed to comply with the twenty-day
3 filing requirement of § 7609(b)(2)(A)." Id.

4       According to the declaration of IRS Agent Papanastassiou, as well as certified mail receipts,
5 copies of the Bank of America and JP Morgan summonses were mailed to petitioner on September
6 19, 2006. The notice of the Aegis Mortgage summons was mailed to petitioner on September 28,
7 2006. Therefore, pursuant to § 7609(b)(2)(A), petitioner had until October 9, 2006, to challenge the
8 Bank of America and JP Morgan summonses, and until October 18, 2006, to challenge the Aegis
9 summons. He did not file his petition to quash, however, until October 19, 2006, outside the twenty-
10 day deadline. We therefore lack jurisdiction over this action, and accordingly grant the United
11 States' motion to dismiss on this basis.

12       Even if we had jurisdiction to consider the petition to quash, we would nevertheless reach
13 the same conclusion. To defeat a petition to quash, or alternatively to enforce a summons, the
14 government must establish a prima facie case of good faith by showing (1) that the investigation is
15 conducted for a legitimate purpose; (2) that the material sought is relevant to that purpose; (3) that
16 the IRS is not already in possession of the material sought; and (4) and that the IRS has complied
17 with the applicable administrative requirements. Crystal v. United States, 172 F.3d 1141, 1143-44
18 (9th Cir. 1999) (citing United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964)). The
19 government's burden to establish a prima facie case of good faith is a "slight one" that is typically
20 made through the introduction of the sworn declaration of the revenue agent who issued the
21 summons. Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995). Once a prima facie case is
22 made, a "heavy burden" is placed on the taxpayer to show an abuse of process or lack of institutional
23 good faith. Id.

24       Here, Revenue Agent Papanastassiou's declaration establishes that the summonses at issue
25 meet the elements set forth in Powell. See Papanastassiou Declaration (doc. 5). Petitioner did not
26 respond to the government's motion to dismiss, but only presented specious arguments in his
27 petition to quash. Petitioner has failed to establish that the summonses were issued in bad faith.
28

1   Therefore, **IT IS ORDERED GRANTING** the United States' motion to dismiss the petition
2 to quash (doc. 3).

3   **IT IS FURTHER ORDERED DENYING** Aegis Mortgage's motion to dismiss as moot
4 (doc. 2).

6   DATED this 6th day of February, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge